**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | | |
|---|---|---|
| CONTINENTAL RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| RINK CONSTRUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Continental Resources, Inc. ("Continental"), for its Complaint against the Defendant, Rink Construction, Inc. ("Rink") alleges as follows:

## PARTIES

1.      Continental is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma County, Oklahoma.  It is a citizen of Oklahoma.

2.      Rink is a North Dakota corporation with its principal place of business in Keene, McKenzie County, North Dakota.  It is a citizen of North Dakota.

## JURISDICTION AND VENUE

3.      This court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and it is a dispute between citizens of different states.   Venue is appropriate in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred here.

## FACTS

4.      On or about April 21, 2008, Continental and Rink entered into a Master Service Contract ("MSC").  (MSC, Ex. 1.)

5.      Pursuant to Paragraph 1.1 of the MSC, Rink agreed to provide certain services to Continental related to the drilling and/or operation of oil and gas wells in the continental United States.

6.      Pursuant to Paragraph 2.1 of the MSA, Rink expressly agreed that in performing such services, Rink would act as an independent contractor.

7.      Pursuant to Paragraph 4.1 of the MSC, Rink agreed to:

> [I]ndemnify, defend, and save harmless Continental Group (as previously defined in Paragraph 3.1) from and against any and all claims, demands, judgments, defense costs, or suits (including, but not limited to, claims, demands, judgments or suits for property damage, bodily injury, illness, disease, death or for loss of services, or wages or for loss of consortium or society) by Contractor or its Subcontractors or any employees (or their spouses, relatives, or dependents) of Contractor or its Subcontractors (or based on or arising out of such claims) in any way, in any way, directly or indirectly, arising out of or related to the performance of this Contract, including Continental Group's own negligence, or the use by Contractor or its employees of, or their presence on, any premises owned, operated or controlled by Continental Group.

8.      Pursuant to Paragraph 13.1 of the MSC, the parties agreed the MSC shall be governed by the laws of the State of Oklahoma.

9.      Pursuant to the terms of the MSC, Continental retained Rink to serve as an independent contractor to provide services with respect to an oil and gas well in McKenzie County, North Dakota, known as the Bohmbach 4-35H well (the "Well").

10.     On December 17, 2013, Brad Lodholtz ("Lodholtz"), an employee of Rink, was alleged to have been injured while working at the Well (the "Incident").

11.     Continental was sued on July 29, 2015, by Lodholtz for injuries suffered in the Incident.  The action was removed to the United Stated District Court for the District of North Dakota, Northwestern Division on August 21, 2015.  *See* Case No. 4:15-cv-00116-RRE-ARS, ECF No. 1.  According to the Complaint, "[w]hile working on the flow lines, the surface casing

riser released a large amount of pressure causing air and gas to strike Lodholtz, propelling him into the air, causing him to land on his head and sustain severe and life threatening injuries." (Compl. ¶ 13, Ex. 2.)

12.     On or about August 7, 2015, Continental served a demand upon Rink requesting Rink honor its defense and indemnity obligations pursuant to the MSC, including full and complete indemnity for Continental against all claims, demands, judgments, defense costs or suits arising out of or directly or indirectly relating to the Incident.   Continental further demanded that Rink provide it with a complete and full defense of any lawsuits brought against Continental or any entity within the Continental Group arising out of the Incident.

13.     Despite having received Continental's demand for indemnity, Rink has wholly failed and refused to honor its indemnity obligations to Continental, to save Continental harmless, and to provide a full defense of any lawsuits arising out of the Incident.

**COUNT I**
**(Breach of Contract)**

Continental adopts and re-alleges each and every paragraph and title above as if set forth verbatim herein.

14.     The MSC between Continental and Rink constitutes a valid and enforceable contract under Oklahoma law.

15.     Pursuant to the terms of the MSC, Rink agreed to hold harmless Continental and to fully and completely indemnify Continental against any and all claims including, but not limited to, damages, defense costs and attorney fees arising out of the Incident.

16.     As part of the indemnity obligation, Rink is obligated to pay all attorney fees, expert witness costs and litigation expenses incurred by Continental in defense of the lawsuit filed by Lodholtz.

17.     Rink is obligated to fully and completely pay or fund any settlement of claims against, or to pay any judgment rendered against, Continental, directly or indirectly, arising out of the Incident.

18.     Rink's indemnity and defense obligations extend beyond simply providing insurance coverage for Continental, but also extend to covering any and all damages arising out of or directly or indirectly related to the Incident.

19.     Rink has failed to honor its indemnity and defense obligations and is in breach of the MSC.

20.     As a result of Rink's breach, Continental has suffered, and will continue to suffer, damages in the form of attorney fees and related expenses in defending itself.

21.     As a result of Rink's breach, Continental has been damaged in an amount to be proven at trial and is placed at risk to suffer additional damages relating to potential settlement of claims, or payments of verdicts, against Continental.

WHEREFORE, Plaintiff, Continental Resources, Inc., prays it recover damages against Rink Construction, Inc., in an amount in excess of $75,000.00, the precise amount to be proven at trial, in order to fully and completely compensate it and make it whole for any damages it incurs, together with amounts to completely and fully indemnify it for any monies paid in settlement of claims and/or in satisfaction of judgments rendered against Continental directly or indirectly arising out of or related to said Incident, together with attorney fees, costs, interest and such other relief as the Court deems just and proper.

## COUNT II
### (Declaratory Relief)

Continental adopts and re-alleges each and every paragraph and title above as if set forth verbatim herein.

4

22.     A justiciable controversy exists between Continental and Rink with respect to the indemnity obligations, and other duties in the MSC, owing by Rink to Continental.

23.     Pursuant to the MSC and Oklahoma indemnity law, Continental is entitled to recover the full amount of all defense costs including, but not limited to, all damages, settlements, attorney fees, expert witness costs and litigation related expenses incurred by Continental in defense of lawsuits or claims filed against Continental arising out of the above-referenced Incident.

24.     Pursuant to the MSC and Oklahoma indemnity law, Continental is also entitled to recover from Rink payments made by Continental on behalf of itself, to satisfy settlements reached, or verdicts rendered against, Continental arising out of the above-referenced Incident.

WHEREFORE, Plaintiff, Continental Resources, Inc., prays for the following declaratory relief:

A.     Rink is required to save harmless Continental and is required to fully and completely indemnify Continental from any and all losses, damages, or injuries arising out of or directly or indirectly related to the Incident including holding Continental harmless and fully and completely indemnifying Continental from any and all claims and suits filed by Lodholtz; and

B.     Continental is entitled to recover from Rink the full amount of all defense costs including, but not limited to, attorney fees, expert witness costs and litigation related expenses incurred by Continental in defense of lawsuits, or claims filed against Continental, arising out of and/or directly or indirectly related to the Incident; and

C.     Rink is required to save harmless Continental and is required to fully and completely indemnify Continental such that Rink shall make all payments necessary to satisfy settlements reached by, or verdicts entered against, Continental arising out of the Incident; and

D.      Continental is entitled to recover from Rink the full amount of any payments made by Continental to satisfy settlements reached by, or verdicts rendered against, Continental, arising out of the Incident; and

E.      Continental is entitled to recover from Rink its attorney fees, costs, interest and such other relief as the Court deems just and proper.

DATED this 25th day of April, 2016.

FREDRIKSON & BYRON, P.A.


/s/ Lawrence Bender
Lawrence Bender, ND Bar #03908
Danielle M. Krause ND Bar #06874
1133 College Drive, Suite 1000
Bismarck, ND 58501-1215
Tel.  (701) 221-8700
lbender@fredlaw.com
dkrause@fredlaw.com

-- and --

Gary S. Chilton (*pro hac vice to be submitted*)
Gideon A. Lincecum (*pro hac vice to be submitted*)
HOLLADAY & CHILTON, PLLC
204 N. Robinson, Suite 1550
Oklahoma City, OK 73102
Tel.  (405) 236-2343
gchilton@holladaychilton.com
glincecum@holladaychilton.com

ATTORNEYS FOR PLAINTIFF
CONTINENTAL RESOURCES, INC.

58601881_1.docx