**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| CONTINENTAL RESOURCES, INC., | ) | |
| | ) | **PLAINTIFF CONTINENTAL** |
| Plaintiff, | ) | **RESOURCES, INC.'S MEMORANDUM** |
| | ) | **IN SUPPORT OF MOTION FOR** |
| | ) | **PARTIAL SUMMARY JUDGMENT** |
| v. | ) | **AGAINST DEFENDANT RINK** |
| | ) | **CONSTRUCTION, INC.** |
| RINK CONSTRUCTION, INC., | ) | |
| | ) | Case No. 1:16-cv-91-DLH |
| Defendant. | ) | |

**PRELIMINARY STATEMENT**

This case arises from Defendant's refusal to comply with its duty to defend, indemnify, and save harmless Plaintiff under the clear and unambiguous terms of the parties' Master Service Contract ("MSC"). The issues before the Court are straightforward. In April of 2008, Plaintiff, Continental Resources, Inc. ("Continental") and Defendant, Rink Construction, Inc. ("Rink") entered into the MSC. Under the terms of the MSC, Rink agreed to provide services as an independent contractor to Continental related to the drilling and/or operation of oil and gas wells. The MSC governs all services or work Rink provides to Continental. Pursuant to the MSC, Rink expressly agreed to "indemnify, defend and save harmless Continental Group . . . from and against any and all claims . . ." by Rink or Rink's employees, including specifically claims for "**bodily injury**" and "**loss of consortium,**" made against Continental that in any way, directly or indirectly, arise out of or relate to performance of the MSC, including Continental's own negligence. (MSC, Docket No. 1-1, at ¶ 4.2.)

On December 17, 2013, Brad Lodholtz ("Lodholtz"), an employee of Rink, was allegedly injured while working at a Continental well site in McKenzie County, North Dakota, known as the Bohmbach 4-35H well. On July 29, 2015, Lodholtz and his wife ("Lodholtzs") sued Continental to recover damages for bodily injury and loss of consortium arising out of the incident.[1] Under the clear and unambiguous terms of the MSC, Rink has a duty to defend, indemnify, and save harmless Continental against the Lodholtzs' claims. This duty is non-delegable. Nonetheless, despite several demands by Continental, Rink has failed, refused, and/or neglected to acknowledge and agree to defend, indemnify, and save harmless Continental. Instead, Rink is relying upon its *insurer* to defend Continental, but under a full reservation of rights to *deny* Continental any right to defense, indemnity, and to be held harmless, and to seek *reimbursement* from Continental for all legal fees and costs incurred in the defense of Continental. This is not the bargain of the parties under the MSC.

The interpretation of the MSC is a matter of law for the Court. Its clear and unambiguous terms require Rink to defend, indemnify and save harmless Continental from and against any and all claims, demands, and causes of action brought against Continental by the Lodholtzs. Rink has refused to honor its obligations and attempted to delegate its obligations to its insurer who has reserved all rights to deny Continental the very defense, indemnity, and save harmless protections promised by Rink. Accordingly, Continental is

---

[1] *Lodholtz, et. al. v. Continental Resources, Inc.*, U.S. District Court for the District of North Dakota, Northwestern Division, Case No. 15-cv-00116-RRE-ARS (the "Underlying Lawsuit").

2

entitled to partial summary judgment on Count II of its Complaint for a declaratory judgment that, as a matter of law, <u>Rink</u> has an obligation under the express terms of the MSC to defend, indemnify and save harmless Continental from any and all of Lodholtzs' claims.

## STATEMENT OF UNDISPUTED FACTS

1. Continental is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma County, Oklahoma. It is a citizen of Oklahoma. (Compl., Docket No. 1, at ¶ 1; Answer, Docket No. 5, at ¶ 1.)

2. Rink is a North Dakota corporation with its principal place of business in Keene, McKenzie County, North Dakota. It is a citizen of North Dakota. (Compl., Docket No. 1, at ¶ 2; Answer, Docket No. 5, at ¶ 2.)

3. On April 21, 2008, Continental and Rink entered into the MSC. (MSC, Docket No.1-1; Answer, Docket No. 5, at ¶ 4.)

4. Pursuant to the MSC, Continental retained Rink to serve as an independent contractor to provide services or work to Continental related to the drilling and/or operation of oil and gas wells. (MSC, Docket No. 1-1, at ¶¶ 1.1, 2.1.)

5. All services or work provided by Rink to Continental were performed subject to the terms and conditions of the MSC. (*Id.* at ¶ 1.1)

6. Paragraph 4.1 of the MSC contains the following provision:

> 4.1 <u>Contractor agrees to indemnify, defend, and save harmless Continental Group</u> (as previously defined in Paragraph 3.1) <u>from and against any and all claims, demands, judgments, defense costs, or suits</u> (including, but not limited to, claims, demands, judgments or suits for property damage,

3

> bodily injury, illness, disease, death or for loss of services, or wages or for loss of consortium or society) <u>by Contractor or its Subcontractors or any employees</u> (or their spouses, relatives, or dependents) <u>of Contractor</u> or its Subcontractors (or based on or arising out of such claims) <u>in any way, directly or indirectly, arising out of or related to the performance of this Contract, including Continental Group's own negligence</u>, or the use by Contractor or its employees of, or their presence on, any premise owned, operated or controlled by Continental Group.

(*Id.* at ¶ 4.1) (emphasis added.)

7. Continental is a member of the Continental Group as referred to in paragraph 4.1 of the MSC. (*Id.* at ¶ 3.1.)

8. Rink expressly agreed the MSC "shall be governed by the laws of the State of Oklahoma." (*Id.* at ¶ 13.1.)

9. Rink performs a number of services, including "servicing and maintenance on wells after they have been drilled." (Lodholtz Compl., Docket No. 1-2, at ¶ 7.)

10. Lodholtz was an employee of Rink and worked as supervisor of a Rink maintenance crew from April 2013 through December 17, 2013. (*Id.* at ¶¶ 6 & 10; Answer, Docket No. 5, at ¶ 10.)

11. Continental retained Rink to provide services with respect to an oil and gas well in McKenzie County, North Dakota, known as the Bohmbach 4-35H well (the "Well"). (Compl., Docket No. 1, at ¶ 9; Answer, Docket No. 5, at ¶ 9.)

12. On December 17, 2013, Lodholtz was alleged to have been injured while working on flow lines at the Well (the "Incident"). (Lodholtz Compl., Docket No. 1-2, at ¶ 13; Answer, Docket No. 5, at ¶ 10.)

13. On July 29, 2015, Lodholtz and his wife filed a lawsuit in the District Court for McKenzie County, North Dakota, against Continental arising out of the Incident. (Lodholtz Compl., Docket No. 1-2.) The lawsuit was subsequently removed to the U.S. District Court for the District of North Dakota, Northwestern Division, on August 21, 2015. (Notice of Removal, Docket No. 1, Case 4:15-cv-00116-RRE.)

14. In the Underlying Lawsuit, the plaintiffs claim Lodholtz's injuries resulted from the negligence of Continental. (Lodholtz Compl., Docket No. 1-2, ¶¶ 14-21.)

15. On or about August 7, 2015—nine (9) days after the Lodholtzs' filed the Underlying Lawsuit—Continental served a demand upon Rink requesting Rink honor its obligation to defend, indemnify and save harmless Continental against all claims, demands, judgments, defense costs or suits arising out or related to, directly or indirectly, the Incident. (Continental Demand Letter, Ex. 1, at 1-2.) Continental further demanded Rink provide Continental with complete and full defense of any lawsuits brought against Continental arising out of the Incident. (*Id.*)

16. On or about August 24, 2015—after receiving no response to its demand letter—Continental served a second demand letter upon Rink in which it enclosed the August 7, 2015 Demand Letter. (Second Continental Demand Letter, Ex. 2, at 1 & 3-4.)

17. Rink received both letters. (Continental Demand Letter, Ex. 1, at 3; Second Continental Demand Letter, Ex. 2, at 2.)

18. By letter dated October 7, 2015, Rink's insurer, Mid-Continent Casualty Company ("Mid-Continent"), advised Continental it was investigating the insurance coverage available to Continental under the terms of Rink's commercial general liability

5

insurance policy.  (Mid-Continent Oct. 7, 2015 letter, Ex. 3).  Mid-Continent reserved all rights to "assert that there may be no duty to defend or indemnify" Continental.  *Id*.

19. By letter dated April 4, 2016, Mid-Continent advised it had accepted Continental's tender of defense and indemnity expressly reserving, however, the "right to assert that there may not be a duty to defend or indemnify" Continental from Lodholtzs' claims.  (Mid-Continent April 4, 2016 letter, Ex. 4).  Mid-Continent further reserved the right to sue Continental for a declaratory judgment and to "seek reimbursement for all legal fees and costs incurred in the defense of Continental."  *Id*.

20. Rink denies it has any obligation under the MSC to defend, indemnify, and save harmless Continental from the claims of the Lodholtzs.  (See, Compl., Docket No. 1, ¶¶ 17-18; Answer, Docket No. 5, ¶¶ 17-18).

21. The amount at issue in the Underlying Lawsuit exceeds $75,000.  (Notice of Removal, Docket No. 1, Case 4:15-cv-00116-RRE.)

## STANDARD OF REVIEW

Summary judgment is appropriate where the pleadings, discovery, disclosures, and affidavits show there is no genuine dispute as to any material fact and that the movant, Continental, is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Summary judgment procedure is regarded "as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Once Continental has demonstrated the absence of a genuine issue of material fact and entitlement to judgment as a matter of law, the burden shifts to Rink to go beyond the

6

pleadings and set forth specific, admissible facts, from which a rational trier of fact could find in its favor. *Krein v. DBA Corp.*, 327 F.3d 723, 726 (8th Cir. 2003). Rink "must do more than show that there is some metaphysical doubt as to the material facts." *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996) (internal citation omitted). Unsubstantiated, conclusory allegations are inadequate. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Factual disputes that do not affect the outcome of the suit, are irrelevant, or are unnecessary will not preclude the entry of summary judgment. *Id.* at 248. Accordingly, when the record, taken as a whole, could not lead the trier of fact to find for Rink, no genuine issue exists, and summary judgment in favor of Continental is proper. *Kiemele*, 93 F.3d at 474.

## ARGUMENTS AND AUTHORITY

### I. THE INDEMNITY PROVISION IS VALID AND SHOULD BE ENFORCED AGAINST RINK

An indemnity agreement is a valid agreement under Oklahoma law. *Fretwell v. Protection Alarm Co.*, 1988 OK 84, ¶12, 764 P.2d 149.[2] An indemnity is a "contract by which one engages to save another from a legal consequence of the conduct of one of the parties or of some other person." 15 OKLA. STAT. § 421. An indemnity contract is interpreted applying the general rules for contract interpretation. *Wallace v. Sherwood*

---

[2] Pursuant to ¶ 13.1 of the MSC, Rink expressly agreed the MSC "shall be governed by the laws of the State of Oklahoma." (MSC, Docket No. 1-1, at ¶ 13.1.)

7

*Constr., Co., Inc.*, 1994 OK CIV APP 82, ¶ 13, 877 P.2d 632.  Construction of a written contract to determine its legal effect is always a question of law for the court to decide. *Smoot v. B & J Restoration Servs., Inc.,* 2012 OK CIV APP 58, ¶8, 279 P.3d 805.

An indemnity provision in a contract must be interpreted to give effect to the mutual intention of the parties, as it existed at the time of contracting.  15 OKLA. STAT. § 152.  When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible.  15 OKLA. STAT. § 155.  The language of the indemnity provision is to govern its interpretation if the language is clear and explicit, and does not involve an absurdity.  15 OKLA. STAT. § 154.  The words of a contract are to be understood in their ordinary and popular sense.  15 OKLA. STAT. § 160.

The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others.  15 OKLA. STAT. § 157.  A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable and capable of being carried into effect, if it can be done without violating the intention of the parties.  15 OKLA. STAT. § 159.

Applying these general rules for contract interpretation, the clear language of the MSC reflects an intent for Rink, the "Contractor," to:

> … **indemnify, defend, and save harmless Continental Group** (as previously defined in Paragraph 3.1), **from and against any and all claims, demands, judgments, defense costs or suits** (including, but not limited to, claims, demands, judgments or suits for property damage, **bodily injury**, illness, disease, death or for loss of services, or wages or for **loss of consortium** or society) **by Contractor** or its Subcontractors or **any employees (or their spouses**, relatives, or dependents) **of Contractor** or its Subcontractors (or based on or arising out of such claims) in any way, **directly or indirectly, arising out of or related to the performance of this**

> **Contract, including Continental Group's own negligence**, or the use by Contractor or its employees of, or their presence on, any premises owned, operated or controlled by Continental Group.

(MSC, Docket No. 1-1, at ¶ 4.1) (emphasis added). Continental is a member of the Continental Group as defined in Paragraph 3.1 of the MSC. (*Id.* at ¶ 3.1.)

The Lodholtzs have asserted claims to recover damages for bodily injury and loss of consortium against Continental arising out of the Incident that occurred at Continental's Well. (Lodholtz Compl., Docket No. 1-2.) The "arising out of" language utilized in the indemnification provision does not require Continental to prove that some negligence attributable to Rink was a cause of Lodholtz's injuries; rather it is sufficient that Lodholtz's injuries occurred while performing services reasonably incident to or anticipated by the principal activity of the contract. *See Wallace*, 1994 OK CIV APP 82, ¶¶ 3-12, 877 P.2d at 633-34 (affirming judgment that party was entitled to indemnification where injured worker was on the job site at the time of the injury and was performing tasks in furtherance of the subcontract); *see also United States v. Hardage*, 985 F.2d 1427, 1434-35 (10th Cir. 1993) (referencing the terms "resulting from" and "arising from/out of" and finding clear intent to indemnify because the language of the indemnification is broad and all-inclusive that it necessarily sweeps all events—including those occurring because of the indemnitee's actions—into its coverage"); *Norgaard v. Nodak Mut. Ins. Co.*, 201 N.W.2d 871, 875 (N.D. 1972) (holding that "arising out of" is "originally understood to mean 'originating from,' or 'growing out of,' or 'flowing from'") (internal citation omitted). At the time of the alleged Incident, Lodholtz was an employee of Rink and was performing services or work related to the drilling and/or operation of the Well. (Compl., Docket. No.

9

1, at ¶¶ 9-10; Answer, Docket No. 5, at ¶¶ 9-10.)  Pursuant to the MSC, all services or work provided by Rink to Continental—including the services and work Lodholtz performed at the Well—were performed subject to all the terms and conditions of the MSC.  (MSC, Docket No. 1-1, at ¶ 1.1.)  Thus, the Incident directly or indirectly arises out of or is related to Rink's performance under the MSC, and the indemnity provision is triggered.

Furthermore, the fact Lodholtz has asserted a negligence claim against Continental in the Underlying Lawsuit is irrelevant to a determination of this motion and does not release Rink from its indemnification obligations under the MSC.  The clear and plain language of the MSC requires Rink to indemnify Continental from any and all claims relating to performance of the MSC, "including Continental Group's own negligence." (MSC, Docket No. 1-1, at ¶ 4.1.)  Rink has no defense based on Continental's alleged negligence.  Even if the negligence allegation were true—which Continental vehemently denies—Rink still has a contractual duty under the MSC to indemnify Continental against the Lodholtzs' claims.  Agreements to indemnify a party against its own negligence are strictly construed.  *Fretwell*, 1988 OK 84, ¶12, 764 P.2d 149.  However, where the intention to indemnify is unequivocally clear from an examination of the contract, the agreement is enforceable.  *Id.*; *Wallace*, 1994 OK CIV APP 82, ¶¶ 3-12, 877 P.2d at 633-34 (affirming the contract indemnified the defendant where jury had found the defendant's negligence, in part, caused the worker's bodily injuries); *Hardage*, 985 F.2d at 1434-35 (finding the contract indemnified the defendant for its own acts in claims arising from the depositing of the defendant's own hazardous waste).  An examination of the contract between Continental and Rink clearly expresses an intention that Continental receive

indemnification from Rink for claims asserted by Rink's own employees and their spouses arising out of Rink's services and work performed at the Well, regardless of fault.

Pursuant to the unambiguous language of the MSC, Rink has a clear duty to defend, indemnify and save harmless Continental from any and all losses, damages, or injuries which, in any way, directly or indirectly, arise out of or are related to the claims filed by the Lodholtzs. Accordingly, Continental requests this Court, pursuant to 28 U.S.C. §§ 2201 & 2202, enter declaratory judgment that Rink is obligated to defend, indemnify and save harmless Continental for the claims asserted against Continental by the Lodholtzs arising out of the Incident.

## **CONCLUSION**

The MSC reflects a clear intent that Rink defend, indemnify and save harmless Continental from any and all claims arising out of or related to, directly or indirectly, the performance of the MSC, including the claims in the Underlying Lawsuit. Accordingly, Continental requests the Court enter summary judgment providing the following declaratory relief:

a. Rink is required to defend, indemnify and save harmless Continental from any and all losses, damages, or injuries which, in any way, directly or indirectly, arise out of or are related to the performance of the MSC, including the claims asserted by the Lodholtzs;

b. Continental is entitled to recover from Rink the full amount of all defense costs including, but not limited to, attorney fees, expert witness costs and litigation related expenses incurred or to be incurred by Continental in defense of the suit by the Lodholtzs;

    c.    Rink is required to save harmless and indemnify Continental from and shall make all payments necessary to satisfy settlements reached by, or verdicts entered against, Continental arising out of the claims of the Lodholtzs; and

    d.    Such further declarations this Court deems just and proper.

Respectfully submitted,

*s/ Gary S. Chilton*
Gary S. Chilton *(Admitted to D.N.D.)*
HOLLADAY & CHILTON, PLLC
204 N. Robinson, Suite 1550
Oklahoma City, OK 73102
Telephone: (405) 236-2343
Facsimile: (405) 236-2349
gchilton@holladaychilton.com

-and-

Lawrence Bender, ND Bar #03908
Danielle M. Krause, ND Bar #06874
FREDRIKSON & BYRON, P.A.
1133 College Drive, Suite 1000
Bismarck, ND 58501
Telephone: (701) 221-8700
Facsimile: (701) 221-8750
lbender@fredlaw.com
dkrause@fredlaw.com

ATTORNEYS FOR PLAINTIFF
CONTINENTAL RESOURCES, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of December, 2016, I electronically transmitted a true and correct copy of the foregoing **MOTION OF CONTINTENTAL RESOURCES, INC. FOR SUMMARY JUDGMENT AGAINST RINK CONSTRUCTION, INC.** to the Clerk of Court using the ECF System for filing.  Based on the records currently on filed, the Clerk of Court will transmit a Notice of Electronic Filing (NEF) to the following ECF registrants:

    Kristin B. Rowell—krowell@anthonyostlund.com
    Shannon M. Awsumb— sawsumb@anthonyostlund.com


                                      *s/ Gary S. Chilton*