UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Continental Resources, Inc.,<br><br>        Plaintiff,<br><br>v.<br><br>Rink Construction, Inc.,<br><br>        Defendant. | Case No. 1:16-cv-91-DLH<br><br>**RINK CONSTRUCTION, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO CONTINENTAL RESOURCES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## INTRODUCTION

On December 13, 2016, Continental Resources, Inc. ("Continental") moved for summary judgment on its declaratory judgment claim against Rink Construction, Inc. ("Rink"). Continental seeks a broad declaration that Rink has a duty to defend, indemnify, and save harmless Continental from, but not limited to, an oil field injury lawsuit that is currently pending in the District of North Dakota before Chief Judge Erickson and will not be tried for several months. Yet, in accordance with Continental's tender of defense, Rink's insurance company—Mid-Continent Casualty Company ("Mid-Continent")—has been defending Continental in that lawsuit for almost a year and continues to do so. While Continental tries to justify the timing of its motion for summary judgment based on Mid-Continent's defense under a reservation of rights, in reality, that reservation of rights presents no immediacy requiring this Court to weigh in on any defense or indemnity issues now. Moreover, regardless of Mid-Continent's defense under a reservation of rights, Oklahoma law (which was identified in the parties' contract) states that a duty to indemnify cannot be determined until the outcome of the third-party lawsuit.

1

In view of the record before the Court, Continental's requested declaratory judgment would not change the status quo—that is, Continental is currently being provided a full defense and, if necessary, indemnification in the oil field injury lawsuit. Consequently, there is no actual, substantial controversy of sufficient immediacy and reality to warrant this Court's discretionary issuance of a declaratory judgment in this matter at this time. Therefore, this Court should deny *Plaintiff Continental Resources, Inc.'s Motion for Partial Summary Judgment Against Defendant Rink Construction, Inc.* without prejudice, or alternatively, exercise its inherent authority to stay this action as to the declaratory judgment claim pending the outcome of the Lodholtz Lawsuit.

## **STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On or around April 21, 2008, Continental and Rink entered into a Master Service Contract ("MSC"). [MSC, Doc. 1-1, at pp. 6–7.][1]

2. Paragraph 4.1 of the MSC contains an indemnity provision that provides for, in relevant part, as follows:

> Contractor agrees to indemnify, defend, and save harmless Continental Group (as previously defined in paragraph 3.1) from and against any and all claims, demands, judgments, defense costs, or suits (including but not limited to, claims, demands, judgments or suits for property damage, bodily injury, illness, disease, death or for loss of services, or wages or for loss of consortium or society) by Contractor or its Subcontractors or any employees (or their spouses, relatives, or dependents) of Contractor or its Subcontractors (or based on or arising out of such claims) in any way, directly or indirectly, arising out of or related to the performance of this Contract, including Continental Group's own negligence, or the use by Contractor or its employees of, or their presence on, any premises owned, operated or controlled by Continental Group.

[*Id.* at p. 1, ¶ 4.1.]

---

[1] Due to the illegible nature of Docket 1-1, Rink restates that it is unable to admit or deny whether Docket 1-1 is actually a true and correct copy of the MSC. [*See* Answer, Doc. 5, at ¶ 4.]

2

3. Rink served as an independent contractor to provide service with respect to on oil and gas well in McKenzie County, North Dakota, known as the Bohmbach 4-35H well. [Answer, Doc. 5, at ¶ 9.]

4. On December 17, 2013, Brad Lodholtz ("Lodholtz"), an employee of Rink, was alleged to have been injured while working on the Bohmbach 4-35H well. [Compl., Doc. 1, at ¶ 10; Answer, Doc. 5, at ¶ 10.]

5. On or around July 25, 2015, Lodholtz and his wife commenced a lawsuit ("Lodholtz Lawsuit") against Continental. [Compl., Doc. 1-3, at pp. 1–4.] Lodholtz and his wife alleged that their damages arose out of Continental's negligence. [Id. at ¶¶ 14–21.]

6. On or around August 7, 2015, Continental sent a letter to Rink "tender[ing] defense and indemnity to Rink Construction." [Doc. 20-1, at pp. 1–2.] The August 7, 2015 letter also stated that Continental "hereby makes a claim under your applicable insurance policy(ies) and requests this letter be forwarded immediately to your appropriate insurance carriers." [Id. at p. 2.]

7. After adhering to Continental's August 7, 2015 request, Rink's insurance carrier, Mid-Continent Casualty Company ("Mid-Continent"), confirmed that it "has accepted Continental Resources (Continental) tender of defense and indemnity under the terms of Rink Construction, Inc.'s ("Rink's") commercial general liability policy" on or around April 4, 2016. [Doc. 20-4, at p. 1.]

8. Since April 4, 2016, Continental has been provided a full defense in the Lodholtz Lawsuit, and there is no evidence in the record stating that Continental will not be indemnified, if necessary, at the conclusion of the Lodholtz Lawsuit.

9. The Lodholtz Lawsuit is currently set to begin trial on July 18, 2017. *See Lodholtz v. Cont'l Res., Inc.*, 4:15-cv-00116-RRE-ARS (D.N.D.) (Doc. 13 ("Jury Trial set for 7/18/2017 at 09:30 AM in Fargo Courtroom 1 before Chief Judge Ralph R. Erickson. (Trial est. 7 days).").

## LAW AND ARGUMENT

This Court should deny Continental's summary judgment motion for a declaratory judgment regarding Rink's duty to defend and duty to indemnify. In accordance with Continental's tender of defense, Rink's insurance company is already providing a defense to Continental. Further, this Court is unable to determine Rink's duty to indemnify until after the outcome of the Lodholtz Lawsuit is determined. Therefore, there is no actual, substantial controversy of sufficient immediacy and reality to warrant this Court's discretionary issuance of a declaratory judgment.

## I. STANDARD OF REVIEW.

Continental's motion for summary judgment is governed by Federal Rule of Civil Procedure 56 and its interplay with the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

### A. Summary Judgment.

The standard for summary judgment motions is well established. Rule 56, Fed.R.Civ.P., provides for, in relevant part, that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A disputed fact is not material unless it may affect the outcome of the suit under governing law." *Hill v. St. Louis Univ.*, 123 F.3d 1114, 1118–19 (8th Cir. 1997) (citing *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The movant has the burden of showing that there is no genuine issue of fact . . . ." *Anderson*, 477 U.S. at 256. Rule 56(c)(1)(A), Rule 56 states the movant's burden as follows:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits of declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1)(A). The non-movant's burden, if any, arises "'*only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970)) (emphasis in original).

In making the determination of whether the movant is entitled to judgment as a matter of law, "a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (quoting *Adickes*, 398 U.S. at 157) (per curiam). In fact, "courts are required to view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 379 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)); *see also, e.g., Lickteig v. Bus. Men's Assur. Co. of Am.*, 61 F.3d 579, 583 (8th Cir. 1995) ("giv[ing] benefit of all reasonably inferences that can be drawn from the facts" to non-movant).

5

## B. Federal Declaratory Judgment Act.

Under the Declaratory Judgment Act, a court "**may** declare the rights and other legal relations of any interested party seeking such declaration". 28 U.S.C. § 2201 (emphasis added). As shown by the statute's express language, it is well established that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act". *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792–93 (8th Cir. 2008) (quoting *Wilton*, 515 U.S. at 287) (the "Supreme Court has noted that it has 'repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.").

"The exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "The express limitation of the Declaratory Judgment Act to cases 'of actual controversy' is explicit recognition of this principle." *Golden v. Zwickler*, 394 U.S. 103, 110 (1969) (quoting 28 U.S.C. § 2201 ("In a case of **actual controversy** within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration.") (emphasis added). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "Because the test to determine the existence of a 'substantial controversy' is imprecise,

the decision of whether such controversy exists is made upon the facts on a case by case basis." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993).

## II. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT CONTINENTAL IS BEING PROVIDED A DEFENSE IN THE LODHOLTZ LAWSUIT AND NO ACTUAL CONTROVERSY EXISTS BETWEEN CONTINENTAL AND RINK.

Continental's request for a declaratory judgment that it is entitled to defense in the Lodholtz Lawsuit is unnecessary. There is no genuine issue of material fact that Continental is currently being provided a defense to the Lodholtz Lawsuit. [Doc. 20-4, at p. 1.] Continental even concedes as much. [Doc. 20, at p. 6.] Given this undisputed fact, the proper exercise of discretion is to deny the declaratory judgment claim regarding Rink's duty to defend as no actual, substantial controversy of sufficient immediacy and reality exists between Rink and Continental.

Yet, Continental attempts to manufacture a purported controversy in two ways. First, Continental improperly conflates the role of Rink with the role of Rink's insurance company, Mid-Continent, to allege that Rink refused to provide a defense. [Doc. 20, at p. 2.] Second, Continental mischaracterizes Rink's *Answer* for the same purpose. [*Id.* at p. 6.] Neither of Continental's arguments create an actual controversy regarding the duty to defend.

Continental's first argument improperly conflates the roles of Rink and Rink's insurance company, Mid-Continent. Without citing to any authority, Continental posits that Rink's "duty is non-delegable" and that "Rink is relying upon its *insurer* to defend Continental, but under a full reservation of rights to *deny* Continental any right to defense, indemnity, and to be held harmless." [*Id.* at p. 2.] There are two flaws with Continental's first argument.

7

The most obvious flaw is that Continental's August 7, 2015 letter actually advised Rink to tender the Lodholtz Lawsuit to Rink's insurance company in the first place. [Doc. 20-1, at pp. 1–2 (advising Rink that Continental is "mak[ing] a claim under your applicable insurance policy(ies) and request[ing] this letter be forwarded immediately to your appropriate insurance carriers.")] Continental cannot demand that Rink tender the claim to Rink's insurer in one breath, and then in another, allege that Rink cannot tender that claim. Continental's August letter, therefore, belies any merit to Continental's new position that Rink is no longer allowed to tender defense and demand indemnification from its insurer, Mid-Continent.

Continental's first argument is also flawed because it portrays Mid-Continent's actions or statements as if they were Rink's own. Rink is not Mid-Continent; Mid-Continent is not a party to this lawsuit and, therefore, not bound by the entry of any judgment or decree in this proceeding. The contents of Mid-Continent's reservation of rights letter to Rink has absolutely no effect on the undisputed, material fact that Continental is already being provided a full defense in the Lodholtz Lawsuit from Mid-Continent—just as Continental's August 7, 2015 letter demanded. [Doc. 20, at p. 6; Doc. 20-1, at pp. 1–2.]

With regard to Continental's second argument, Continental mischaracterizes Rink's *Answer* by erroneously claiming that "Rink denies it has any obligation under the MSC to defend, indemnify, and save harmless Continental from the claims of the Lodholtzs." [Doc. 20, at p. 6.] In doing so, Continental cites to paragraphs 17 and 18 of Rink's *Answer*. [*Id.*] Paragraphs 17 and 18 of Rink's *Answer* both stated that "this allegation is a conclusion of law to which no response is required. To the extent a

response is required, this allegation is denied." [Doc. 5, at ¶¶ 17–18.] Rink's answers were in response to the conclusions of law contained in paragraphs 17 and 18 of Continental's *Complaint*, which stated as follows:

> 17. Rink is obligated to fully and completely pay or fund any settlement of claims against, or to pay any judgment rendered against, Continental, directly or indirectly, arising out of the Incident.
>
> 18. Rink's indemnity and defense obligations extend beyond simply providing insurance coverage for Continental, but also extend to covering any and all damages arising out of or directly or indirectly related to the Incident.

[Doc. 1, at ¶¶ 17–18.]

Clearly, Rink did not deny that it has "any obligation" to defend and indemnify "Continental from the claims of the Lodholtzs" as Continental misstates in its Memorandum. Instead, Rink denied the exceedingly broad and hypothetical conclusions of law contained in paragraphs 17 and 18 of Continental's *Complaint*. Defending the Lodholtz Lawsuit is completely distinct from defending and indemnifying every hypothetically conceivable "settlement of claims . . . directly or indirectly, arising out of the Incident" and "covering any and all damages arising out of or directly or indirectly related to the Incident." Rink agrees that many hypothetical claims may fall into the ambit of paragraphs 17 and 18 but others may not. Those possibilities, however, are not of sufficient immediacy and reality to warrant the issuance of Continental's requested declaratory judgment.

For example, if the Lodholtz plaintiffs amended their complaint to allege—or if the jury found—that Continental's actions were intentional, rather than negligent, Rink would not have a duty to defend. *See Tillman v. Shofner*, 90 P.3d 582, 585 (Ok. Ct. App. 2004) ("[A]n intentional wrongdoer is not eligible to recover indemnity."); *see also,*

9

*e.g.*, 15 Okla. Stat. § 422 ("An agreement to indemnify a person against an act to be done is void if the act be known by such person at the time of doing it to be unlawful."). Similarly, paragraph 4.1 of the MSC only requires a defense and indemnity for claims generally made by Rink, its subcontractors, or its employees. As such, it may be the case that some hypothetical claim that potentially falls under the exceedingly broad language of paragraphs 17 and 18 of Continental's *Complaint* may not necessarily fall under the more narrow provisions of the MSC. Therefore, Rink stands by its denial of paragraphs 17 and 18 of Continental's *Complaint*. Those denials, however, do not stand for the fact that Rink has denied that "it has **any** obligation" to defend and indemnify Continental in the much more narrowly focused Lodholtz Lawsuit. [Doc. 20, at p. 6. (emphasis added.)]

Likewise, Continental's requested relief is in its Memorandum is overly broad. In its Memorandum and proposed order, Continental moves for a sweeping court order requiring Rink "to defend, indemnify and save harmless Continental from any and all losses, damages, or injuries, which in any way, directly or indirectly, **arise out of or are related to the performance of the MSC**." [Doc. 20, at p. 11 (emphasis added).] That is not what the MSC requires, nor would such a broad, hypothetical ruling be consistent with the purposes of the Declaratory Judgment Act (as discussed above). The MSC does not require Rink to defend, indemnify, and save harmless Continental from any claim whatsoever made by every hypothetical third party. [Doc. 1-1, at pp. 6–7.] Oklahoma law does not require Rink to defend, indemnify, and save harmless Continental from intentional acts. See *Tillman*, 90 P.3d at 585.

Moreover, Continental cannot create a justiciable controversy by pleading hypothetical facts.

> To be cognizable in federal court, a suit must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Ringo*, 677 F.3d at 796 (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam)). Granting Continental's overly broad requested relief would be tantamount to an advisory opinion of Continental's hypothetical claims.

In reality, Rink's insurance company has been providing a defense for Continental for almost a year to the only claims actually in existence—the Lodholtz Lawsuit. [Doc. 20-4, at p.1.] Mid-Continent previously stated that it "has accepted Continental Resources (Continental) tender of defense and indemnity under the terms of Rink Construction, Inc.'s ("Rink's") commercial general liability policy" subject to a reservation of rights under its policy with Rink. [*Id.*] Continental even concedes that "Mid-Continent advised it had accepted Continental's tender of defense and indemnity." [Doc. 20, at p. 6.]

In summary, while Continental is presumably dissatisfied with a reservation of rights letter that Mid-Continent sent to its insured, Rink, with a courtesy copy sent to Continental, [*see* Doc. 20-1], *Mid-Continent*'s reservation of rights letter to *Rink* does not present an actual, substantial controversy between *Continental* and *Rink* on the issue of the duty to defend. There is no actual, substantial controversy of sufficient immediacy and reality to warrant this Court's discretionary issuance of a declaratory judgment. *Ringo*, 677 F.3d at 796. Therefore, the proper exercise of this Court's discretion is to

deny Continental's summary judgment motion for a declaration that Rink has a duty to defend Continental until an actual controversy with Rink exists on that issue (if ever).

### III. THE COURT SHOULD DISMISS OR STAY RESOLUTION OF CONTINENTAL'S DECLARATORY JUDGMENT CLAIM REGARDING THE ISSUE OF INDEMNITY.

This Court is unable to address Rink's potential duty to indemnify at this time as a matter of law. According to Oklahoma law, the "duty to indemnify is determined **at the outcome** of the third party action." *Poteau Ford Mercury, Inc. v. Zurich Am. Ins. Co.*, No. 104,162, 2009 WL 9508739, at *17 (Okla. Civ. App. May 8, 2009) (citing *First Bank of Turley v. Fid. & Deposit Ins. Co. of MD*, 928 P.2d 289, 302 (Okla. 1996)) (emphasis added); *see also* (15 Okla. Stat. § 427(1) ("Upon indemnity against liability, expressly, or in other equivalent terms, the person indemnified is entitled to recover upon becoming liable."). Therefore, this Court necessarily cannot determine Rink's potential duty to indemnify until the outcome of the third party action—the Lodholtz Lawsuit.

The reasoning underlying the Eighth Circuit Court of Appeals' analysis in *McGillacuty's*, while not considering Oklahoma law, also supports denying or staying Continental's motion. *See Century Indem. Co. v. McGillacuty's, Inc.*, 820 F.2d 269, 270 (8th Cir. 1987). *McGillacuty's* involved a declaratory judgment action in which an insurance carrier argued that it was not responsible for primary coverage, but only excess, in an underlying lawsuit. *Id.* at 270. The Eighth Circuit recognized that "[w]hen an insured's liability has not yet been determined, a court should refrain from deciding which insurance company is liable for coverage, especially when coverage is admitted but they are arguing about which is the primary carrier and which is the excess carrier." *Id.*

12

*McGullacuty's* is similarly postured to Continental's unique lawsuit against Rink. As with either a primary or excess insurer, Continental is looking to either Rink or Mid-Continent to defend and, if necessary, indemnify Continental in the Lodholtz Lawsuit. [*Compare* Doc. 1 (suing Rink for a defense and future indemnification), *with* Doc. 20-1, pp. 1–2 (tendering a claim for defense and future indemnification to Mid-Continent).] Therefore, what Continental is really seeking at this time is a hypothetical, advisory ruling regarding indemnity obligations that will not be cognizable—if ever—until after the outcome of the Lodholtz Lawsuit is determined. Because Continental's "liability has not yet been determined," this "court should refrain from deciding which insurance company is liable for coverage." *Id.* at 270. Otherwise, as the Eighth Circuit went on to explain, "[i]t would be a misuse of limited judicial resources to decide hypothetical issues." *Id.* at 271.

In fact, most cases involving declarations regarding insurance coverage are, not surprisingly, between an insurance company and its insured. The typical "insurance company v. policyholder" declaratory judgment action is inapposite here for purposes of addressing the unique roles of oil companies, vendors, and vendors' insurance companies as contemplated in an oil field master service contracts. For example, the Eighth Circuit has found that where it is the *insurance company* that moves for a declaratory judgment, "the district court's holding that Scottsdale owed no duty to defend UCPA from the cotton farmers obviated any need to discuss Scottsdale's purported duty to indemnify UCPA." *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC*, 620 F.3d 926, 933 (8th Cir. 2010). A finding that an insurer has no duty to defend is always outcome determinative and eliminates any duty to indemnify. *See*

13

*id.* Similarly, when an *insurance company* moves for a declaratory judgment based upon a construction of the policy language, the action may be ripe for adjudication. *See Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) ("construing the policy language relating to the $500 deductible" in terms of whether it applied to each separate property damage claim or one single claim for contribution before insurer's duty to defend arose). One federal court recently distinguished *Miles* by explaining that the duty to indemnify may be ripe when it revolves a question of law based upon the language of the Policy but may not be ripe when the issue requires consideration of unresolved facts in the underlying lawsuit. *Cont'l Cas. Co. v. Great Omaha Packing Co., Inc.*, No. 8:14-cv-194, 2015 WL 3852772, at *7 (D. Neb. Jun. 22, 2015) (citing *Miles*, 978 F.2d at 438).

Here, Rink is not an insurance company. Rink has not moved for a declaratory judgment alleging that it has no duties to Continental based upon the legal interpretation of an insurance policy. Instead, Rink submits that because the duty to indemnify cannot even be determined until the third-party action is resolved under Oklahoma law, the issue of indemnity should not be addressed by the Court at this time and factual issues may necessarily affect indemnification in the Lodholtz Lawsuit. *Universal Crop* and *Miles* are further inapposite because they not only involved insurance companies seeking a declaration of no coverage but also because the courts' finding of no duty to defend necessarily resulted in no duty to indemnify.

As a result, this matter is more analogous to *McGillacuty's* in which the Eighth Circuit declined to issue a declaratory judgment regarding which insurance company had primary coverage to indemnify an insured regarding an unresolved and still pending

third-party action. In accordance with *McGillicuty's*, other federal district courts within the Eighth Circuit have "consistently stayed an accompanying, unripe request for a declaration as to the duty to indemnify." *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1293 (S.D. Ala. 2016) (citing cases); *see also, e.g., Cincinnati Ins. Co. v. Source Data Sys., Inc.*, No. C98-144 MJM, 1999 WL 33656935, at *4 (N.D. Iowa Jun. 22, 1999) ("[B]ecause *McGillacuty's* held that it was proper to wait for a determination of the insured's liability before adjudicating coverage, this court will stay the proceedings as to [insurance company's] duty to indemnify pending the outcome of the underlying litigation.") This standard is true even if the insurance company is defending under a reservation of rights. *See AXIS Ins. Co. v. PNC Fin. Servs. Group, Inc.*, 135 F. Supp. 3d 321, 329 (W.D. Pa. 2015) ("conclud[ing] that the requested declaratory judgment would be insufficiently conclusive to be properly considered 'ripe'"). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282

In summary, a denial or stay of Continental's motion would maintain the status quo—in which Continental continues to receive a vigorous, full defense by Mid-Continent in the Lodholtz Lawsuit—while the Lodholtz Lawsuit proceeds to move forward to trial several months from now. Dismissal without prejudice or a stay is particularly appropriate here given that no activity has taken place in this action since Magistrate Judge Miller's August 2, 2016 issuance of a Scheduling/Discovery Plan, which "**STAY[ED]** all discovery in this matter until further ordered by the court." [Doc. 15, at p. 7.] There is simply no need for the Court or the parties to waste resources at

this time addressing the hypothetical, prospective issues concerning indemnity regarding the unresolved Lodholtz Lawsuit.  No actual or substantial controversy exists between Rink and Continental of such immediacy and reality to warrant this Court's discretionary issuance of a declaratory judgment before the outcome of the Lodholtz Lawsuit is determined.  Therefore, this Court should deny without prejudice or, at a minimum, stay Continental's request for a declaratory judgment until such time—if any—that an actual controversy exists between the parties regarding the Lodholtz Lawsuit.

## CONCLUSION

For all the foregoing reasons, Rink respectfully requests that this Court deny without prejudice *Continental Resources, Inc.'s Motion for Summary Judgment Against Rink Construction, Inc.* in its entirety. In the alternative, Rink requests that, in interests of judicial economy and to avoid unnecessary expense, this Court exercise its inherent authority to stay this action as to the declaratory judgment claim pending the outcome of the Lodholtz Lawsuit.  If a stay is issued, the parties can file a joint status report on or before August 1, 2017, advising whether the Lodholtz Lawsuit has been resolved and whether there remain any issues to raise before this Court.

Dated this 17th day of January, 2017.

        **SCHWEIGERT, KLEMIN & McBRIDE, P.C.**
        116 North 2nd Street
        P.O. Box 955
        Bismarck, North Dakota 58502-0955
        (701) 258-8988: telephone
        (701) 258-8486: facsimile

        */s/ Tyler J. Siewert*
        David D. Schweigert

ND State Bar ID# 05123
dschweigert@bkmpc.com

Tyler J. Siewert
ND State Bar ID# 06910
tsiewert@bkmpc.com

and

**ANTHONY OSTLUND BAER & LOUWAGIE**
Kristin B. Rowell (ND #07854)
Shannon M. Awsumb (admitted pro hac vice)
90 South 7th Street
3600 Wells Fargo Center
Minneapolis, MN  55402
612-349-6969: telephone
612-349-6996: facsimile
krowell@anthonyostlund.com
sawsumb@anthonyostlund.com

*Attorneys for Defendant*
*Rink Construction, Inc.*