**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | | |
|---|---|---|
| CONTINENTAL RESOURCES, INC., | ) | **PLAINTIFF CONTINENTAL** |
| | ) | **RESOURCES, INC.'S REPLY BRIEF** |
| Plaintiff, | ) | **IN SUPPORT OF MOTION FOR** |
| | ) | **PARTIAL SUMMARY JUDGMENT** |
| v. | ) | **AGAINST DEFENDANT RINK** |
| | ) | **CONSTRUCTION, INC.** |
| RINK CONSTRUCTION, INC., | ) | |
| | ) | Case No. 1:16-cv-91-DLH |
| Defendant. | ) | |

---

## PRELIMINARY STATEMENT

Rink Construction, Inc.'s ("Rink's") response confirms summary judgment should be entered in favor of Continental Resources, Inc. ("Continental") on Count II of its Complaint for a declaratory judgment as to the parties' contractual rights and obligations under their contract. First, Rink's response does not address, much less contest, its clear, unambiguous, and unequivocal duty under the Master Services Contract ("MSC") to defend and indemnify Continental against the claims of Brad Lodholtz and his wife ("Lodholtzs"). Second, Rink does not dispute any material fact set forth in Continental's Motion or even assert that a genuine dispute as to a material fact exists.

The undisputed facts clearly establish Continental is entitled to a declaration that Rink has a contractual duty to defend, indemnify, and save harmless Continental from any and all of the Lodholtzs' claims. Declaratory judgment is appropriate under 28 U.S.C. § 2201 because a controversy exists as to the extent of Rink's duty under the MSC. Continental's declaratory judgment claim does not seek broad, hypothetical relief but is limited to claims arising out of or relating to the incident on December 17, 2013, when Lodholtz, an employee of Rink, was allegedly

injured while working at the Bohmbach 4-35H well (the "Incident"). The fact that Rink's insurer has accepted Continental's defense—under a full reservation of rights—does not relieve or otherwise limit Rink's indemnification and defense obligations to Continental under the express terms of the MSC. Rink's arguments regarding the justiciability of this controversy are not supported by the law and are without merit.

Continental is entitled to partial summary judgment on Count II of its Complaint for a declaratory judgment that Rink has an obligation under the express terms of the MSC to defend, indemnify, and save harmless Continental from any and all of Lodholtzs' claims.

## LEGAL ARGUMENTS AND AUTHORITIES

I. **THE UNDISPUTED FACTS CLEARLY ESTABLISH THAT CONTINENTAL IS ENTITLED TO SUMMARY JUDGMENT ON ITS DECLARATORY JUDGMENT CLAIM.**

In its Memorandum in Support of Motion for Partial Summary Judgment Against Defendant Rink Construction, Inc. (Docket No. 20), Continental sets forth twenty-one (21) undisputed facts supported by materials in the record. In its Response (Docket No. 25), Rink fails to dispute any of these facts. *See* Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

It is undisputed Continental and Rink entered into the MSC on April 21, 2008, and under the clear and unambiguous language of the MSC, Rink:

> agrees to indemnify, defend, and save harmless Continental Group . . . from and against any and all claims, demands, judgments, defense costs, or suits (including but not limited to, claims, demands judgments or suits for property damage, bodily injury, illness, disease, death or for loss of services, or wages or for loss of consortium or society) by Contractor or its Subcontractors or any employees (or their spouses, relatives, or dependents) of Contractor or its Subcontractors (or based on or arising out of such claims) in any way, directly or indirectly, arising out of or related to the performance of this Contract, including Continental Group's own

> negligence, or the use by Contractor or its employees of, or their presence on, any
> premise owned, operated or controlled by Continental Group.

(MSC ¶ 4.1, Docket No. 1-1.)   It is undisputed this indemnification provision is valid and enforceable and the Incident in which Lodholtz was injured, and Lodholtzs' claims arising out of or relating to that Incident, fall within this provision.   In fact, Rink makes no attempt in its Response (Docket No. 25) to dispute or deny its obligation to defend and indemnify Continental from any and all of the Lodholtzs' claims.   Because Rink has a clear duty to defend, indemnify, and save harmless Continental from any and all losses, damages, or injuries, which, in any way, directly or indirectly, arise out of or relate to the claims filed by the Lodholtzs', Continental is entitled to summary judgment on its declaratory judgment claim.

## II.   AN ACTUAL, JUSTICIABLE CONTROVERSY EXISTS.

### A.   A Controversy Exists as to the Extent of Rink's Duties under the MSC.

A justiciable or "actual" controversy is one that is "definite and concrete, touching the legal relations of the parties having adverse legal interests."  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937); *Acuity v. N. Cent. Video, LLLP*, Case No. 1:05-cv-010, 2007 U.S. Dist. LEXIS 33540, at *14 (D.N.D. May 7, 2007) (quoting *Neb. Pub. Power Dist. v. MidAmerican Energy, Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000)) ("The ripeness doctrine requires that 'before a federal court may address itself to a question, there must exist a real substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'").   In its attempts to prove no controversy exists, Rink highlights the very existence of the real and concrete controversy between the parties.

Continental filed this lawsuit as a result of Rink's failure and/or refusal to honor its indemnity and defense obligations under the MSC.   (Compl. ¶ 13, Docket No. 1; Answer ¶ 13, Docket No. 5.)   Rink's Answer to Continental's Complaint clearly evidences Rink's denial of its

3

obligations under the MSC.  In the Complaint, Continental alleges Rink's duty under the MSC to completely indemnify Continental against any and all claims arising out of the Incident; to pay all attorneys fees and litigation expenses incurred in the defense of the Lodholtzs' lawsuit; and to pay any settlement or judgment rendered against Continental.  (Compl. ¶¶ 15-17, Docket No. 1.)  Rink expressly denies any such duty.  (Answer ¶¶ 15-17, Docket No. 5.)  Thus, clearly the parties disagree as to the extent of Rink's duty to indemnify, defend, and save harmless Continental under the MSC.

Disputes as to the extent, or coverage, of indemnification and defense provisions present an actual and justiciable controversy under 28 U.S.C. § 2201.  *See Aetna Life Ins.*, 300 U.S. at 242 (finding a justiciable controversy exists where the dispute relates to the parties' legal rights and obligations arising from contract); *Aetna Cas. & Sur. Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992) (finding a "live justiciable controversy" where insured made demand for defense and indemnity and insurer disputed those demands); *Equity Ins. Co. v. Garrett*, 2008 OK CIV APP 23, ¶ 14, 178 P.3d 201, 204 (citing 12 OKLA. STAT. § 1651) (finding Oklahoma legislature clearly intends "to permit a declaratory judgment action to determine the rights and obligations of the insured and the insurer under a liability policy or a policy of indemnity against liability").  Like an insured, Rink is entitled to a declaratory judgment action determining the indemnity and defense obligations of Rink under the MSC.  "[T]he purpose of the Declaratory Judgment Act is to enable parties uncertain of their legal rights and obligations to seek a declaration of their rights and obligations thereby promoting settlement of the controversy in an expedient and economic fashion before duties are breached."  *Star Ins. Co. v. Cont'l Res., Inc.*, 89 F. Supp. 3d 1015, 1021 (D.N.D. 2015).

Notably, Rink has provided no case law supporting its arguments.  None of the cases Rink cites are even remotely factually similar, and none involve disputes relating to contractual indemnity.  For example, in *Ringo v. Lombardi*, 677 F.3d 793 (8th Cir. 2012), it was determined that an action by death-row inmates seeking a declaration that Missouri's lethal-injection protocol violated federal law was not an actual controversy because Missouri's supply of the drugs had expired, and the DOC was unable, and unlikely to ever be able, to carry out the challenged protocol.  *Id.* at 796-98.  Unlike in *Ringo*, a declaratory judgment in the instant case would not "become merely an academic exercise," but would determine the actual and disputed indemnity and defense obligations of Rink in regard to any and all of the Lodholtzs' claims.  *Id.* at 798.

**B.**   **The Actions of Rink's Insurer do not Relieve or Limit Rink's Indemnity and Defense Obligations under the MSC and do not Prevent the Existence of an Actual Controversy.**

Rink asserts no controversy exists because its insurer, Mid-Continent Group ("Mid-Continent"), conditionally accepted Continental's tender of defense.  However, this does not address Rink's duty to indemnify and ignores the controversy between the parties as to whether "Rink's indemnity and defense obligations extend beyond simply providing insurance coverage for Continental."  (Compl. ¶ 18, Docket No. 1; Answer ¶ 18, Docket No. 5.)  Rink's duty is non-delegable, which means Mid-Continent's conditional acceptance of Continental's tender of defense does not relieve Rink from, or otherwise limit, its duty under the MSC.  (*See* MSC ¶ 11.1, Docket No. 1-1.)

Rink's assertion that Continental is alleging Rink cannot tender the claim to its insurer is nonsensical, mischaracterizes Continental's argument, and does not create a genuine dispute of material fact.  The effect of Rink's non-delegable duty is simply that Rink, not Mid-Continent as its agent, bears the duty of fully and completely indemnifying and defending Continental from any

and all of the Lodholtzs' claims.   Furthermore, Mid-Continent only accepted defense of Continental against the Lodholtzs' claims under a <u>full reservation of rights</u>, which expressly allows Mid-Continent to deny any duty under <u>its policy with Rink</u> to defend or indemnify Continental and to seek reimbursement from Continental "for all legal fees and costs incurred in the defense of Continental."  (Mid-Continent April 4, 2016 letter at 1 & 3, Docket No. 20-4.)  This does not satisfy Rink's indemnification and defense obligations under the MSC.  Nor does it prevent the existence of an actual, justiciable controversy.  *See Md. Cas. Co. v. Tindall*, 117 F.3d 905, 908 (8th Cir. 1941) ("The appellee's contention that appellant is in no position to ask for a declaratory judgment in respect of its liability to defense because it had undertaken to cooperate in the defense of the Tindall suit with reservations is without merit.").

Clearly, in the instant case, controversy exists as to the coverage of the indemnity provision and whether Rink's obligations are satisfied merely by providing insurance coverage for Continental.  The controversy is real and concrete.  Continental is not seeking an advisory opinion or asking this Court for a broad, hypothetical ruling.  Continental asks this Court for the relief requested in Count II of its Complaint. (Docket No. 1.)

If anything, it is Rink who seeks to defeat this Motion with hypothetical scenarios—asserting, incorrectly, that Continental's relief is not justiciable because the Lodholtzs' could amend their complaint or a jury could find Continental's actions were intentional and therefore relieve Rink of any duty.   Not only is such a scenario not supported by the facts, but Rink once again mischaracterizes the law.  Rink relies on *Tillman v. Shofner*, 2004 OK CIV APP 40, 90 P.3d 582, 585, which is inapplicable to the instant litigation.  This case does not involve contractual indemnity but, instead, addresses the inability of a criminal tortfeasor to collect damages against a joint tortfeasor for harms arising out of the wrongful conduct.  Likewise, 15 OKLA. STAT. § 422

6

states that an agreement to indemnify is void if the act is "known by such person at the time of doing it to be <u>unlawful</u>"—not "intentional" as Rink asserts.  15 OKLA. STAT. § 422 (emphasis added).  Continental is not seeking a declaration that Rink is obligated to indemnify and defend Continental for criminal or unlawful acts.  Any assertion to the contrary is not based on the facts and is without merit.

### C.     Neither Oklahoma Nor Eighth Circuit Law Require a Stay or Dismissal.

As a continuation of its unsupported arguments that no actual controversy exists, Rink argues Continental's declaratory judgment claim should be stayed until after the outcome of the Lodholtzs' suit or the claim should be dismissed.  These contentions are inapposite to the law and are without merit.

The question before the Court—the unambiguous meaning of the indemnity provision in the MSC—is purely legal and all facts necessary to resolve Continental's declaratory judgment claim have been established.  *See Neb. Pub. Power Dist.*, 234 F.3d at 1039 (finding declaratory judgment action did not have to wait until after the triggering event of the defendant's possible non-payment).  Federal case law, which would govern the ripeness and justiciability of declaratory judgment actions under 28 U.S.C. § 2201, clearly establishes that declaratory judgment actions regarding a party's defense and indemnity obligations are ripe and justiciable before the outcome of any underlying lawsuit is determined.  *See Md. Ca. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 274 (1941) (finding an actual controversy existed despite the fact that the underlying state-court action had not yet been concluded); *Aetna Cas. & Sur.*, 968 F.2d at 711 (finding declaratory judgment action was "a live justiciable controversy" even though "<u>no suits had yet been filed nor any settlements reached</u>") (emphasis added); *Tindall*, 117 F.2d at 908 ("Neither is the contention meritorious that a controversy cannot exist until a judgment has been rendered against insured in

the case pending in the state court."). In *Star Ins. Co. v. Cont'l Res., Inc.*, Case No. 4:12-cv-121, 2014 U.S. Dist. LEXIS 188408 (D.N.D. Jan. 23, 2014), the court granted a similar motion by Continental for summary judgment and entered declaratory judgment setting forth the contractor's indemnity obligations despite the fact that one of the three underlying claims had not yet been resolved. *Id.* at *4, 31-35.

None of the case law Rink cites supports its position that Continental's declaratory judgment should be stayed or dismissed. *Poteau Ford Mercury, Inc. v. Zurich Am. Ins. Co.*, No. 104, 162, 2009 OKLA. CIV. APP. LEXIS 140 (May 8, 2009), does not involve a declaratory judgment action and does not find that such action should be stayed or dismissed pending the outcome of any underlying lawsuit.  15 OKLA. STAT. § 427 addresses an indemnified person's ability to "recover," but does not preclude declaratory judgment.  Such an interpretation would contradict 12 OKLA. STAT. § 1651, which was revised to permit declaratory actions as to a party's rights and obligations under indemnity contracts. *See Garrett*, 2008 OK CIV APP 23, ¶ 14, 178 P.3d at 204.  *Century Indem. Co. v. McGillacuty's, Inc.*, 820 F.2d 269 (8th Cir. 1987), is not applicable because the instant case does not involve a determination as to whether the primary or excess insurance carrier is liable.

As Rink points out in its Response on page 14, "Rink is not an insurance company." Continental is <u>not</u> "looking to *either* Rink *or* Mid-Continent" to defend and indemnify. Continental is looking to <u>Rink</u> to honor its defense and indemnity obligations under the MSC, to which Mid-Continent is not even a party.  Rink's other cases are equally inapplicable as the undisputed facts clearly establish Rink's duty to defend Continental against any and all of the Lodholtzs' claims arising out of or relating to the Incident. *See Scottsdale Ins. Co. v. Universal*

*Crop Prot. All., LLC*, 620 F.3d 926, 933 (8th Cir. 2010); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

Importantly, Continental is not asking for summary judgment on its breach of contract claim for damages for Rink's failure to indemnify.  Rather, Continental only seeks summary judgment on its declaratory judgment claim. Thus, there is no need or requirement to "wait" until the underlying lawsuit is concluded.  Continental is entitled to a declaration of its rights under the express terms of the MSC as a matter of law.

## CONCLUSION

WHEREFORE, Plaintiff Continental Resources, Inc., asks this Court for an order granting Continental partial summary judgment on its declaratory judgment claim against Defendant Rink Construction, Inc.

DATED this 30th day of January, 2017.

*s/ Gary S. Chilton*
Gary S. Chilton *(Admitted to D.N.D.)*
HOLLADAY & CHILTON, PLLC
204 N. Robinson, Suite 1550
Oklahoma City, OK 73102
Telephone:  (405) 236-2343
Facsimile:  (405) 236-2349
gchilton@holladaychilton.com

Lawrence Bender, ND Bar #03908
Danielle M. Krause, ND Bar #06874
FREDRIKSON & BYRON, P.A.
1133 College Drive, Suite 1000
Bismarck, ND 58501
Telephone:  (701) 221-8700
Facsimile:   (701) 221-8750
lbender@fredlaw.com
dkrause@fredlaw.com

ATTORNEYS FOR PLAINTIFF
CONTINENTAL RESOURCES, INC.

9